IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMAPANY, | ) |
| Plaintiff, | ) Case No. 21-cv-900 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| ISAAC LAPIDUS D/B/A PROFIT, INC., | ) **AMENDED OPINION & ORDER** |
| | ) |
| Defendant. | ) |

Before the Court is Plaintiff The NOCO Company's ("NOCO") Motion for Leave to File an Amended Complaint (the "Motion"). ECF Doc. 30. For the following reasons, the Motion is GRANTED, and Defendant Isaac Lapidus's Motion for Judgment on the Pleadings (ECF Doc. 20) is DENIED as moot.

## BACKGROUND

In April 2021, NOCO instituted this action to recover for Lapidus's unauthorized resale of NOCO products on Walmart's website as a third-party seller.[1] ECF Doc. 1. NOCO's causes of action were for declaratory judgment and injunctive relief, unfair competition, tortious interference with contract, trademark infringement, trademark dilutions, and violation of the Ohio Deceptive Trade Practices Act. *Id.*

After Lapidus filed an answer,[2] the Court held a Case Management Conference ("CMC") and adopted the parties' proposed litigation schedule. ECF Doc. 15; ECF Minutes, Sept. 24, 2021. Thus, the deadline to amend the pleadings was set for January 31, 2022, the discovery deadline was set for June 30, 2022, and the dispositive motion deadline was set for January 6, 2023. *Id.*

---

[1] Lapidus does not dispute NOCO's allegation that he resells NOCO products as an unauthorized third-party seller. ECF Doc. 9 at ¶¶ 3, 15. Rather, Lapidus's defense is that his resale practice is lawful.

[2] Lapidus did not filed an answer until September 2021 and did so only after a default was entered. ECF Docs. 7, 9.

Following the CMC, the parties reported on several occasions that discovery was proceeding and that settlement discussions were occurring. *See* ECF Docs. 19, 21, 26. Additionally, during three status conferences, the parties again informed the Court that settlement negotiations were ongoing, but that the conversations were dependent upon Lapidus ceasing sale of NOCO products and providing information related to his resale practices.

On February 25, 2022, Lapidus filed a motion for judgment on the pleadings, which relied heavily on the first sale doctrine as the basis for judgment. ECF Doc. 20. The Court then granted a joint motion to extend NOCO's response deadline because the parties again represented they were engaged in "good faith discussions which may resolve the case[.]" ECF Doc. 23; ECF Non-Document Order, Mar. 18, 2022. An additional deadline extension was subsequently granted during the last status conference. ECF Minutes, Apr. 27, 2022.

NOCO then filed the instant Motion on May 9, 2022, and sought to amend the Complaint by adding allegations regarding both Lapidus's conduct and exceptions to the first sale doctrine. ECF Doc. 30. NOCO does not, however, seek to add any new causes of action or parties to the action. ECF Doc. 30-2.

Lapidus has opposed the Motion, arguing that NOCO's prejudicial delay is due to a lack of diligence. ECF Doc. 31. NOCO submitted a reply brief and attributed the delay to their settlement negotiations, which ended when NOCO learned that Lapidus was still selling its products and would not provide requested invoices. ECF Doc. 32.

## **ANALYSIS**

When a party seeks to amend a pleading after the scheduling order deadline has passed, that party must show good cause for the past-due amendment. Fed. R. Civ. P. Rule 16(b)(4); *accord Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). Thus, while Rule 15(a) directs that

leave to amend should be "freely" given when justice requires, Rule 16(b)(4) imposes a higher standard on the moving party. *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008). Maintaining the scheduling order's deadlines ensures that, at some point, both the parties and the pleadings will be fixed. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the [scheduling order's] requirements." *Inge*, 281 F.3d at 625. Additionally, the district court should also consider any potential prejudice to the non-moving party. *Garza*, 972 F.3d at 879. Once a district court is satisfied that the moving party has satisfied the Rule 16(b) good cause requirement, then the court should consider the typical Rule 15(a) factors. *Bare v. Federal Exp. Corp.*, 886 F. Supp. 2d 600, 606 (N.D. Ohio 2012).

Here, the Court concludes that the proposed amended complaint is proper under both Rule 16(b) and Rule 15(a).[3] As discussed in turn below, NOCO has not only established good cause for the late amendment by showing its diligence and demonstrating that Lapidus will suffer minimal prejudice, but has also identified appropriate reasons for amending the complaint.

Turning first to diligence under Rule 16(b), NOCO has provided sufficient explanation for its delay in seeking to amend the complaint. More specifically, NOCO missed the amendment deadline by four months because the parties were attempting to resolve their dispute, and the potential settlement hinged upon Lapidus producing certain documents and refraining from selling NOCO products. Indeed, the parties represented as much to the Court during the various status conferences. However, once NOCO determined that settlement was unlikely because Lapidus did not honor its requests, NOCO then filed the Motion so that the litigation could proceed under a complaint that more fully described Lapidus's alleged conduct. ECF Doc. 32 at 3-4. Thus,

---

[3] The Court interprets the Motion as seeking an amendment to the scheduling order. Thus, Lapidus's argument that NOCO failed to move for a scheduling order amendment is misplaced. *See* ECF Doc. 31 at 3-4.

NOCO's course of action was reasonable, and the Court will not penalize NOCO for attempting to settle the dispute and, in turn, to conserve client resources by waiting to amend the complaint until it was clear that the litigation would proceed.

The conclusion that NOCO was diligent under the circumstances is unaltered by Lapidus's arguments to the contrary. More specifically, Lapidus argues that NOCO was not diligent because the proposed amended complaint's new allegations are based on information that was available to NOCO when its original complaint was drafted. ECF Doc. 31 at 4-6. Thus, NOCO's lack of diligence is established because these "obvious oversights and errors" could have been addressed before the scheduling order deadline passed. *Id.* And Lapidus further criticizes NOCO for adding allegations in response to his first sale doctrine argument in the motion for judgment on the pleadings—NOCO had previously encountered this doctrine in a different case and should have anticipated the need for allegations about the defense before the scheduling order deadline passed. *Id*. at 6-7.

The Court finds Lapidus's diligence arguments to be unpersuasive for two reasons. First, Lapidus incorrectly treats the time at which certain information became available to NOCO as dispositive of diligence, rather than as a factor to be considered. To be sure, NOCO's possession of the relevant information prior to the scheduling order deadline is a factor tending to show a lack of diligence. However, the Court concludes that other factors outweigh the time at which NOCO obtained the information, namely: the relatively short delay in seeking to amend, the parties' attempts to settle the dispute, NOCO's participation in the case, and Lapidus's misrepresentations about his sales. Second, NOCO's inclusion of new allegations to address Lapidus's motion for judgment on the pleadings is entirely proper, despite Lapidus's criticism. As NOCO points out, it is a common practice for a plaintiff to seek leave to amend a complaint in response to a motion

that tests the sufficiency of the pleadings. ECF Doc. 32 at 7-9 (citing *Stewart v. King*, 3:09-0021, 2010 WL 883737, at * 5 (M.D. Tenn. Mar. 5, 2010)).[4] Thus, the Court will not fault NOCO for fleshing out its allegations to ensure that the case is decided on the merits, particularly when the proposed amended complaint only includes new allegations that are known to both parties.

Turning next to prejudice, the Court further concludes that granting the Motion will not inflict any significant prejudice on Lapidus. The Motion's timing confirms as much—NOCO has not previously sought to amend its complaint, and the Motion comes relatively early in the litigation. Furthermore, the proposed amended complaint does not add any new causes of action or parties, but it instead corrects potential deficiencies in the pleadings, which is non-prejudicial. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th. Cir. 2002) ("Further, because Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order—as opposed to an effort to add new claims or parties—we envision no prejudice to Defendant from granting leave to amend."). Likewise, discovery is still ongoing and dispositive motions are not due for another seven months, meaning that the parties still have ample time to adjust their litigation positions and strategies.

While Lapidus asserts that he will be prejudiced, he has not articulated any particular harm attributable to the proposed amended complaint. More specifically, Lapidus claims that he will be harmed because his outstanding motion for judgment on the pleadings is meritorious and because NOCO has neglected to file a response brief for the last three months. ECF Doc. 31 at 7-9.

---

[4] It is for this reason the Court rejects Lapidus's argument that NOCO has conceded the motion for judgment on the pleadings. Parties often seek leave to amend when confronted with a motion to dismiss or a motion for judgment on the pleadings, and the Court can find no authority to support Lapidus's position that this practice amounts to wholesale concession to dispositive motion. Moreover, NOCO would not be entitled to amend its complaint if it waited until after a judgment was entered in Lapidus's favor. *See, e.g.*, *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 499 (6th Cir. 2011) ("Plaintiffs are not entitled to an advisory opinion from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." (internal alterations omitted)). Accordingly, the Court concludes the Motion was an appropriate response to the motion for judgment on the pleadings.

However, as discussed above, it is normal practice for a motion for judgment on the pleadings to be met with a motion to amend the complaint, and there is nothing unique about NOCO's attempt to cure the potential deficiencies that Lapidus identified. Similarly, as even Lapidus acknowledges, counsel *jointly* moved to extend NOCO's deadline to respond to the motion for judgment on the pleadings, so the parties could continue their settlement discussions. Lapidus's cannot now claim to be prejudiced by a delay to which he previously agreed. And, finally, the settlement negotiations halted, in part, because Lapidus claimed that he had stopped selling NOCO products, but he had actually continued to do so. *See* ECF Docs. 32-1, 32-2. Thus, any delay is attributable, at least in part, to Lapidus's own misrepresentations, and he cannot now be heard to complain of prejudice. At bottom, all amended pleadings result in at least some prejudice to the non-moving party who will have to defend the claims on the merits, *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986), but Lapidus has not identified any unique harm that justified denying the Motion.

Given that NOCO has established good cause under Rule 16(b), the Court next considers whether the Motion is proper under Rule 15(a) and concludes that it is. Under Rule 15(a), leave to amend should be freely given, absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Riverview Health Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010). As discussed above, there is no evidence of NOCO's bad faith or prior failure to cure deficiencies, the delay is not so lengthy as to be undue, and the prejudice to Lapidus is minimal. Plus, Lapidus has not argued that the amendment is futile and has therefore conceded the point. *See Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp. 3d 186, 207 (N.D. Ohio 2020). As such, Rule 15(a) directs that the Motion should be granted.

In sum, NOCO has established good cause for amending the scheduling order and for allowing its first amendment to the complaint. Accordingly, the Court will grant the Motion.

## CONCLUSION

For the above stated reasons, NOCO's Motion for Leave to File an Amended Complaint (ECF Doc. 30) is hereby **GRANTED**, and NOCO is directed to file its First Amended Complaint within twenty-four hours of the issuance of this Order. Defendant Lapidus's Motion for Judgment on the Pleadings (ECF Doc. 20) is hereby **DENIED** as moot, and Lapidus is directed to submit a responsive pleading to the First Amended Complaint within twenty-one days of the complaint's filing.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster June 2, 2022*
**Dan Aaron Polster**
**United States District Judge**